UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In re: Gary Lee Smith,          )
                                )
        Petitioner,             )
                                )
                                )     Civil Action No. 17-962 (UNA)
                                )
                                )

MEMORANDUM OPINION

This matter is before the court on its initial review of petitioner's *pro se* Petition for Writ

of Mandamus and application for leave to proceed *in forma pauperis*. For the reasons explained

below, the *in forma pauperis* application will be granted and this case will be dismissed for lack

of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an

action "at any time" if it determines that subject matter jurisdiction is wanting).

Petitioner is a federal prisoner incarcerated at the Federal Correctional Institution ("FCI")

in Marianna, Florida. He seeks an order to compel the Federal Bureau of Prisons ("BOP") "to

adhear [sic] to the law and its own policies" with regard to the substance abuse treatment plan

governed by 18 U.S.C. § 3621(e). Petitioner's alleged facts concern an inmate whom he claims

was housed in a Residential Drug Abuse Program ("RDAP") unit at FCI Seagoville in Texas but

"is not, and never was, eligible" for RDAP. Pet. ¶¶ 12-13. Therefore, petitioner seeks, among

other relief, an "order compelling the FBOP to invalidate the eligibility for early release of all

inmates on FCI Seagoville's RDAP unit who where [sic] housed at the same time as inmate

Strunk (August 26, 2016 through August 29, 2016, inclusive)." *Id.* ¶ 23.

Petitioner has alleged no facts to show how the foregoing events, even if true, affect his

custody in Florida. Consequently, he has not established his standing to sue, and "the defect of

standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). Article III, § 2 of the United States Constitution confers subject matter jurisdiction in the federal courts to hear "Cases" or "Controversies." "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). At "the irreducible constitutional minimum," a petitioner must plead facts to show that he has suffered an injury traceable to the alleged misconduct that is likely to be redressed by a favorable decision. *Id*. at 560-61. The alleged "injury must be 'concrete, particularized, and actual or imminent.' " *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, ---, 133 S. Ct. 1138, 1147 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, ---, 130 S.Ct. 2743, 2752 (2010)); *see Morales v. U.S. Dist. Court for S. Dist. of Florida*, 580 F. App'x 881, 887 (11th Cir. 2014) (concluding that "[b]ecause Morales fails to allege a sufficiently concrete, particularized injury, he is without standing to bring this mandamus petition, and we lack subject-matter jurisdiction to adjudicate his claim").

Petitioner has alleged no actual injury to satisfy the standing requirement. In addition, as a *pro se* litigant, petitioner may represent himself in federal court, *see* 28 U.S.C. § 1654, but he cannot represent the interests of other prisoners. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.* 274 F. Supp. 2d 10, 15-16 (D.D.C. 2003) (examining cases). Consequently, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: June 13 , 2017

United States District Judge